*629 OPINION OF THE COURT
Edward H. Lehner, J.
The sole legal issue presented in this CPLR article 78 proceeding, for which both sides acknowledge there is no precedent, is whether the respondent Division of Housing and Community Renewal (DHCR) was correct in concluding that, because the rent overcharge found herein was made by a sublessor, “the issue of whether the overcharge was willful cannot be considered.”
Since October 1996 petitioner has been a shareholder of the entity known as Tomfol Realty Corp., which owns the building at 204 East 7th Street in Manhattan, and had a lease for apartment 8 at a rental of $225 per month. The building had apparently been purchased by a group of tenants in 1980 and had since been operated as an informal cooperative. In 2004 formal steps to legally convert the building were commenced by the filing of an offering plan with the Attorney General. However, for reasons not clearly stated, the plan was not accepted for filing and thus the apartments in the building remained subject to the Rent Stabilization Law of 1969 (RSL).
In 2002 petitioner leased the subject apartment to respondent Somrak at rentals that varied between $900 and $1,100 per month. In May 2003 Somrak filed a rent overcharge complaint, which was sustained by the rent administrator who found a total rent overcharge of $9,877 and imposed treble damages, pursuant to Rent Stabilization Code (Code) (9 NYCRR) § 2525.6 (b), of $19,754, for a total overcharge of $29,631. This finding was upheld on the petition for administrative review (PAR) by order of the Commissioner dated January 5, 2005, who concluded that said section of the Code “provides for a mandatory imposition of treble damages where a prime tenant collects overcharges from a subtenant. . . [and that] [therefore, the issue of whether the overcharge was willful cannot be considered.”
Petitioner had argued before DHCR that he was under the impression that he owned the apartment as a proprietary lessee in a cooperative and thus the unit was exempt from the RSL, and that based on that belief he had spent approximately $14,000 renovating the apartment before subleasing it to Somrak. He now moves to set aside the award of treble damages.[1]
Discussion
Section 2525.6 (b) of the Code provides:
*630 “The rental charged to the subtenant by the tenant shall not exceed the legal regulated rent plus no more than a 10-percent surcharge payable to the tenant if the housing accommodation is sublet fully furnished. Where a tenant violates the provisions of this subdivision, the subtenant shall be entitled to treble damages.”
Section 2526.1 (a) (1) of the Code states in part:
“Any owner who is found by the DHCR, after a reasonable opportunity to be heard, to have collected any rent or other consideration in excess of the legal regulated rent shall be ordered to pay to the tenant a penalty equal to three times the amount of such excess ... If the owner establishes by a preponderance of the evidence that the overcharge was not willful, the DHCR shall establish the penalty as the amount of the overcharge plus interest. . . .”
While section 2526.1 grants an “owner,” which under the definition set forth in section 2520.6 (i) includes a sublessor, the opportunity to present evidence to rebut the presumption that an overcharge was willful, DHCR takes the position that under section 2526.6 a sublessor who overcharges is not entitled to that right. The argument presented for such differentiation is that a sublessor always knows the rent being paid to the owner, and thus would know whether a rent charged to a sublessee is in excess of the legal rent. Such argument may well be true in most cases involving an overcharge by a sublessor. However, such position is not appropriate to the facts at bar. Here, the building was being operated by the group of tenants who had acquired the building, and petitioner’s lease rental of $225 per month was apparently a preferential rent, being below the legal registered rent. Moreover, DHCR acknowledges that, in light of the confusion relating to the filing of a formal conversion plan, petitioner may well have believed that his apartment was exempt by reason of being in a building owned by a cooperative (mem of law at 12). However, its counsel then proceeds to argue that such a belief was, for various reasons, unreasonable (transcript at 13-15). While that may be, such issue was not considered on the PAR because, as indicated above, respondent DHCR concluded that the issue of willfulness cannot be considered on a sublease situation. Thus, since not considered in the administrative proceeding, the issue as to whether petitioner was reasonable in his belief that the sublease to Somrak was not subject to the RSL is not reviewable herein.
*631 An examination of the two sections of the Code quoted above would tend to support respondent’s position as section 2525.6 contains no authorization for a sublessor to challenge a claim of willfulness. However, that does not end the discussion as an issue is consequently presented as to whether the Code provision denying such right to a sublessor is authorized under the RSL. The court finds that it is not. A Code provision can be adopted only to the extent “that it is not inconsistent with law” (RSL [Administrative Code of City of NY] § 26-511 [b]).
The section of the RSL providing for treble damages is section 26-516 (a), and therein it is stated that “[i]f the owner establishes by a preponderance of the evidence that the overcharge was not willful, the state division of housing and community renewal shall establish the penalty as the amount of the overcharge plus interest.”[2] There is nothing in the statute authorizing the enactment of a Code provision that would bar a sublessor from exercising this statutory right to present evidence of the absence of willful conduct. Hence, to the extent that section 2525.6 (b) of the Code deprives a party accused of overcharging of this right, it is, to that extent, invalid.
Accordingly, petitioner’s motion is granted and this matter is remanded to DHCR to enable petitioner to submit evidence on the issue of willfulness.

. Petitioner’s prior default in appearing for oral argument was vacated on consent.

. A similar provision appears in the Emergency Tenant Protection Act of 1974 (L 1974, ch 576, sec 4, § 12 as amended [McKinney’s Uncons Laws of NY § 8632]), and the section of the regulations thereunder dealing with overcharges by sublessors (9 NYCRR 2505.7 [b]) makes the damages subject to the provisions of section 2506.1, which grants the party alleged to have overcharged the right to show a lack of willfulness.